[No. 2782. Decided December 4, 1897.]

CHARLES GOLDEN *et al.*, *Appellants*, v. BULLION MINING COMPANY *et al.*, *Respondents*.

APPEAL — SUFFICIENCY OF EVIDENCE.

Where the evidence appears to be evenly, or nearly evenly, balanced, the finding of the trial court will not be disturbed.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Cyrus Happy*, and *J. W. Marshall*, for appellants.

*John R. McBride*, for respondents.

The opinion of the court was delivered by

GORDON, J.—The complaint in this action alleges that in the month of March, 1896, and for some time preceding, an agreement existed between the plaintiffs in the action, and one George Kenney, under which agreement the said Kenney was to prospect for mineral claims and the plaintiffs were to furnish money and supplies therefor, and all locations made in pursuance of said agreement were to be for the equal benefit of the parties. That on or about March 23, 1896, while said agreement was in force and effect, Kenney discovered a lode of mineral on the Colville reservation, in Stevens county, and then and there located and staked off said claim, and put up location notices in his own name; but plaintiffs allege that the same was for the joint use and benefit of Kenney and themselves. Said mining claim was named and designated the Bullion. That thereafter, and before the expiration of the time allowed by law for recording said location notices, Kenney, without the knowledge or consent of the plaintiffs, fraudulently sold and conveyed said claim to the defendant Walter France for the use and benefit of France and the other defendants. That France and the other defendants purchased from Kenney with the full notice and knowledge of plaintiffs' rights, etc. That subsequently certain of the defendants re-located the claim and duly recorded notices of location, and thereafter formed a corporation known as the Bullion Mining Company, to which corporation they conveyed their interests in the mine in dispute, and also four other mining claims, composing a group, receiving therefor shares in said corporation in proportion to their respective interests. The prayer of the complaint is that the defendants be decreed to hold

the Bullion mining claim in trust for the plaintiffs' use and benefit to the extent of one-half interest, and for other appropriate relief.

The answer denies the principal allegations of the complaint; denies that the defendants or any of them had any knowledge of any partnership agreement between the plaintiffs and Kenney; alleges that the purchase was made in good faith and for a valuable consideration; alleges the expenditure of upwards of one thousand dollars in developing the mine, all of which was expended with full knowledge on the part of plaintiffs that the same was being expended in such development, and without any knowledge on the part of defendants that plaintiffs claimed any interest therein. The case was tried without a jury and judgment rendered dismissing the action. To the findings of the court numerous exceptions were taken, upon which error is predicated in appellants' brief, and it is also urged that the findings of the court do not support the conclusion of law, which was as follows:

" I find that the plaintiffs never acquired any right or interest in or to the Bullion mining claim, and are not entitled to the relief prayed for, or any relief whatever, and that the defendants are entitled to go hence without day and to judgment for their costs in this action, and the same is hereby ordered to be entered accordingly."

Some objection is made by respondents to the sufficiency of the exceptions entered to the findings, but we are of opinion that the objection is not well taken, and that the exceptions are sufficiently stated. Upon the merits of the controversy the difference is one of fact, and we have carefully examined all of the evidence introduced at the trial. Assuming that it was sufficient to establish the agreement between the plaintiffs and Kenney, we are unable to say that the finding of the lower court that defendants pur-

chased from Kenney without any notice or knowledge of plaintiffs' interest in the mine, or of the existence of the agreement between plaintiffs and Kenney, is against the weight of evidence. The case necessarily turns upon the question of notice or knowledge upon the part of the purchasers. There was evidence from which the court might well have found that the defendants had such notice, but there was also competent evidence directly conflicting therewith, and we are not satisfied that notice was established by the weight of evidence.

It is peculiarly a case for the application of the rule that where the evidence appears to be evenly, or nearly evenly, balanced, the finding of the trial court will not be disturbed. The court having found that the defendants purchased without notice correctly concluded that the plaintiffs were not entitled to the relief prayed for or to any relief. The judgment entered was right, and it is affirmed.

SCOTT, C. J., and ANDERS, REAVIS and DUNBAR, JJ., concur.